# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE<br><br>DOWNTOWN DENNIS REAL ESTATE, LLC<br><br>Debtor in Possession. | NO. 20-12859-TWD<br><br>Chapter 11<br><br>OBJECTION BY OFF, LLC TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION |

OFF, LLC, by and through its undersigned counsel, objects to confirmation of the Debtor's Chapter 11 Plan of Reorganization filed November 17, 2020 under Docket No. 2 (the "Plan") because the Debtor's Plan is not made in good faith, is not fair and equitable to OFF, LLC, is not accepted by Off, LLC, is not feasible, and does not specify the compensation to be paid the Debtor's member/manager.

**A. Circumstances Giving Rise to the Bankruptcy Petition**

In determining the confirmability of the Debtor's Plan, it is necessary to consider the history of the Debtor's dealings with the indebtedness owed by the Debtor to OFF

OBJECTION BY OFF, LLC TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION - 1

MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 1 of 10

LLC.[1] Specifically, the two promissory notes held by OFF, LLC concern loans initially made on March 23, 2007 with Frontier Bank, as lender, and the Debtor, as borrower – some 24 years ago. The first note issued in the amount of $900,000.00 ("First Note") and was due and payable in full April 23, 2012 (a five year term note). The second note in the amount of $300,000.00 ("Second Note"), was due and payable in full March 23, 2008 (a one year term note). Through a Change in Agreement between Debtor and Frontier Bank dated May 19, 2008, the Second Note was restructured to become due and payable in full on May 23, 2013. Pursuant to Allonges dated October 4, 2012, Union Bank, N.A., successor in interest to the FDIC as Receiver of Frontier Bank, transferred the First and Second Notes to OFF, LLC.

Due to the maturity of the First Note on September 24, 2012 and the Debtor's inability to pay the First Note upon maturity, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. *In re Downtown Dennis Real Estate LLC*, Bankruptcy Court for the Western District of Washington at Seattle, Case No. 12-19734-MLB. As part of the Debtor's Chapter 11 Plan of Reorganization in this prior bankruptcy proceeding, the Debtor and OFF, LLC entered into replacement notes, restructuring the First and Second Notes to, among other things, extend the maturity dates for the Notes (for convenience and clarity, OFF, LLC continues to refer to the replacements notes as "First Note" and "Second Note"). The First Note and Second Note both were dated September 9, 2014 and were in the amounts of $925,000.00 and $325,000.00, respectively. The Debtor was required to make monthly payments under the First Note and Second Note until June 30, 2019, at which point the two notes matured and became fully due and payable.

---

[1] All of the following factual information is public record, which, as set forth below, is documented in Debtor's previous Chapter 11 Bankruptcy Case: *In re Downtown Dennis Real Estate LLC*, Bankruptcy Court for the Western District of Washington at Seattle, Case No. 12-19734-MLB.

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 2

MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 2 of 10

The Debtor represented in his First Amended Plan of Reorganization (approved in the 2012 bankruptcy case) that he would refinance or sell the commercial real property which secured the First Note and Second Note to pay creditors. *See In re Downtown Dennis Real Estate, LLC*, Case No. 12-19734-MLB, Doc. 125, p. 18, ll. 14; *see also* Declaration of Debtor's Attorney Robert A. Garrison In Support of Motion to Authorize Sale of Property of the Estate, Doc. No. 147, p. 1, ll. 18-19 (stating the Debtor is managing the real property to be sold and that "it is believed that the sale will close by" July 2015).

During the seven year period following the Debtor's first bankruptcy filing, the Debtor did not refinance or sell the real property. Nor did the Debtor pay the First Note or the Second Note when due on June 30, 2019. As one more "final" accommodation to the Debtor, the Debtor and OFF, LLC entered into another amendment, extending the maturity date of the First Note and the Second Note to June 30, 2020. The Debtor again did not pay the First Note and the Second Note when due. Indeed, the amounts due and owing under the two notes now exceed the amounts originally borrowed. As a result of these defaults, OFF, LLC began nonjudicial foreclosure proceedings to foreclose upon the deeds of trust securing the Notes, scheduling a trustee's sale for the real property on January 8, 2020. It was OFF, LLC's impending trustee's sale which precipitated the Debtor's filing its petition for relief under Chapter 11 in this proceeding.

**B. Summary of Plan Terms Applicable to the First Note and Second Note.**

Under its Plan, the Debtor seeks to drastically modify the rights of Off LLC under both the First Note and Second Note under Bankruptcy Code Section 1123(b)(5) by taking two fully matured notes with an interest rate of ten percent per annum and converting them to ten year term notes, with interest at five percent per annum, but

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 3
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 3 of 10

with a thirty year amortization schedule. These terms allow the Debtor to pay only $5,395 and $1,717.83 per month on the respective notes. With the other Plan payments and operating expenses totaling $5,223 per month, this allows Downtown Dennis to pocket $3,000 per month in rental income in excess of all payments ($12,335.83 in payments versus $15,500 in rental income).

The proposed new principal balance on the First Note is $1,035,000, which is fixed by taking the principal balance on the date of the Petition of $879.000, and adding to it the interest that has accrued since March 2020, late charges, extension fees, and attorney's fees and costs. The actual amount of those charges, added to the principal balance is $1,061,402.86 as of March 5, 2021.

The proposed new principal balance on the Second Note is $342,000, which is fixed by taking the principal balance on the date of the Petition of $290,257.88, and adding to it the interest that has accrued since March 2020, late charges, extension fees, and attorney's fees and costs. The actual amount of those charges, added to the principal balance, is $336,634.56 as of March 5, 2021.

The Plan further affords the Debtor a 21 day cure period after any payment default. The Plan includes no default interest in the event the Debtor defaults on the loans, nor does it incorporate any of the other covenants, rights and remedies contained in the First Note, Second Note, and deeds of trust securing the notes.

**C. The Plan is Not Confirmable Under the Requirements for Confirmation in Code Section 1129**

**1. The Plan Fails to Meet the "Good Faith" and "Fair and Equitable" Requirements of Section 1129(a)(3) and Section 1129(b).**

A plan is confirmable only if it is proposed in good faith. 11 U.S.C. § 1129(a)(3). Further, because OFF LLC has rejected the Plan and is impaired under the Plan, the consent requirement for confirmation under Code Section 1129(a)(8) bars confirmation

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 4
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 4 of 10

of the Plan unless the Plan is found to "not discriminate unfairly," and to be "fair and equitable," under Code Section 1129(b). All the facts and circumstances leading up to the filing of the case, and the conduct of the Debtor during the case, properly can be considered by the Court in determining whether a Chapter 11 case has been filed in bad faith or lack of "good faith" by the debtor. *In re Silberkraus*, 253 B.R. at 902 (citing *In re Charfoos*, 979 F.2d 390 (6th Cir.1992); *Laguna Assoc. Ltd. Partnership v. Aetna Casualty & Surety Co. (In re Laguna Assoc. Ltd. Partnership)*, 30 F.3d 734 (6th Cir.1994)). A Chapter 11 debtor has the burden of proving this "good faith" element is met, as well as the burden of proving all of the other elements governing plan confirmation. *Id.* (citing *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 940 (9th Cir. BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir.1999)).

Here, the Debtor's Plan is not made in good faith. The Debtor has failed to pay the First and Second Notes when due repeatedly – first in April 2012, a second time in June 2019, and a third time in June 2020. The Debtor is a serial filer. The Debtor filed a prior petition for relief under Chapter 11 of the Bankruptcy Code which contemplated a sale of the real property to pay creditor's claims. Despite having had nearly nine years to do so since its first bankruptcy filing, the Debtor has failed to sell or refinance the real property. Moreover, OFF, LLC, the largest creditor of the Estate, already on two prior occasions, amended the First Note and the Second Note to extend the maturity date to provide the Debtor additional time to sell or refinance the real property. The Debtor has not done so, and the amounts owing under the First Note and Second Note now exceed the original loan amounts.

The First Note and Second Note held by OFF, LLC, which are secured by two separate deeds of trust against the Debtor's commercial real property, have been continuously in default since March 2020, when the Debtor last made payments to Off

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 5
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 5 of 10

on the two notes. Both notes matured on June 30, 2020. As a result of these defaults, interest accrues on both notes at the rate of ten percent per annum.

The principal balance due and owing on the First Note as of March 31, 2020 was $879,000.63, and the principal balance owing on Second Note as of March 31, 2020 was 290,257.88. The interest accrued and unpaid on the two notes as of September 28, 2020 was $42,023.46 and $13,948.28, respectively. Interest accrues on the notes in the amount of $240.83 and $79.53 per day, respectively. Between September 29, 2020 and January 31, 2021, additional interest accrued on these two notes in the amounts of $30,103.75 and $9,941.25, respectively. As such, the total accrued and unpaid interest on the two notes is $72,127.21 and $23,889.53 as of January 31, 2021. During this eleven month period while interest has accrued, the Debtor has collected all of the rents and paid not a penny of this cash collateral to OFF, LLC. Rather than making payments to OFF, LLC, the Debtor kept all of the rent money it was collecting, and accumulated a cash reserve of $29,109.50 on the date of filing.

The filing of this bankruptcy proceeding to stay a foreclosure sale, in the face of the multiple loan extensions and prior defaults, and the proposed terms for the First Note and Second Note as rewritten by the plan, reek of bad faith, unfairly discriminate against the claims of OFF, LLC, and are not fair and equitable. The Debtor seeks to extend the term of each loan another ten years – an egregiously long period of time in light of the history of these loans (originally written a five and one year term loans) – and proposes to pay only five percent interest, and to make minimal payments by using a thirty year amortization schedule, which results in balloon payments due at the end of ten years in the amounts of $861,266 and $273,159. These terms would allow the Debtor to pay only $5,395 and $1,717.83 per month on the loans, whereas they would be $10,977.78 and $3,627.49 using a straight ten-year amortization.

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 6
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 6 of 10

The Plan unfairly discriminates against OFF, LLC because the Plan provides for **payment in full**, in five years, to unsecured creditors and to Snohomish County on its real estate tax claim, whereas it pays OFF, LLC only **eighteen percent** of the total secured debt owed to OFF, LLC over a ten year term. It also discriminates against OFF, LLC with respect to the interest rate, as it is paying twelve percent interest to Snohomish County on its secured tax claim, and only five percent to OFF, LLC.

Further, an interest rate of five percent is not fair and equitable. The current contract rate is ten percent. Given the Debtor's history, a risk factor of only 1.75% above the current prime rate of 3.25% is not fair and equitable. Market interest for this property and this Debtor would be in the nine to ten percent range.

That the Debtor's Plan is not made in good faith is also evidenced by the fact that the Debtor is a serial filer who filed its petition for relief in this case on the eve of a trustee's sale scheduled for the real property.

Finally, the lack of good faith, and the unfair and inequitable nature of the treatment of OFF, LLC's claims under the Plan is manifest in its ten year maturity, thirty year amortization terms, a twenty-one day cure period, and the failure to incorporate the covenants, terms and conditions of the existing notes and deed of trust. With respect to the ten year terms, as noted above, the Debtor in its 2012 bankruptcy proceeding stated its intent to sell or refinance the property. At both the hearing on its disclosure statement, and at the cash collateral hearing in this case, counsel for the Debtor informed the Court that the Debtor's principal (Dennis Wagner) is 75 years old, and is intent on selling the property and becoming "out of town Dennis." A plan which gives "out of town Dennis" ten more years of modest payments to OFF, LLC, with a positive cash flow of $3,000 per month to subsidize his lifestyle, indicates no intent to sell the property, and provides no incentive whatsoever to do so. Indeed, at the hearing

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 7
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 7 of 10

on the disclosure statement this Court suggested that if the Debtor intended to sell the property, it should specifically commit to that in the disclosure statement. It did not do so. These terms are neither in good faith, nor are they fair and equitable.

2. **The Plan Fails to Meet the "Feasibility" Requirements of Section 1129(a)(11).**

Separate and apart from the lack of adequate information noted above, the Debtor's Plan should not be confirmed because it is not feasible. Pursuant to section 1129(a)(11) of the Bankruptcy Code, a Chapter 11 plan may be confirmed only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan." As articulated by the Ninth Circuit Court of Appeals in *In the Matter of Pizza of Hawaii, Inc.*, the purpose of subsection 1129(a)(11) is "to avoid confirmation of visionary schemes which promise creditors more under a proposed plan than the debtor can possibly attain after confirmation."

The Everett real property currently comprises a small, 'strip mall' style commercial building. The schedules list five tenants. Based upon Dennis Wagner's testimony at the 341 meeting, and the leases provided thereafter, the leases are as follows:

**Downtown Dennis Real Estate, LLC**: This is the real estate office owned by the Debtor's principal. Rent is $3,950 pre month. The term is month-to-month.

**Pacific Sound Sleep, LLC**: Rent is $2,100 per month. The term is 24 months, and expires January 31, 2022.

**Great Northern Workware**: Rent is $1,000 per month. The lease expired and is presently a month-to-month tenancy.

**James Edwin Rupee**: Rent is $3,000 per month. The lease is a three year term lease, with a termination date of May 31, 2022.

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 8
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 8 of 10

**Karla Victoria Cruz and Miquas Vasques**: Rent is $1,300 per month. The lease expired and is presently a month-to-month tenancy.

In addition to the foregoing leases, in his Declaration in support of the use of cash collateral, Dennis Wagner states that subsequent to the Chapter 11 filing, the Debtor has entered into a lease with **Jamie Joseph Ehling** for rent of $3,500 per month. The length of the lease term is not provided.

Given the status of the existing leases, there is no assurance that rents will be received beyond May of 2022. Three of the leases are month to month. The other two expire January 2022 and May 2022. There is no assurance rent will be paid beyond that date. As such, the Debtor's projections of rental income over a ten year period is purely speculative.

Further, the Debtor's projections presume an increase in rents by the following amounts, per year:

2022:  $620 (to $16,120)

2023:  $635 (to $16,765)

2024:  $670 (to $17,435)

2025:  $698 (to $18,133)

2026:  $725

Given the absence of long term leases with annual rent escalations, no basis exists for these projections. The Plan is not feasible.

### 3. The Plan Fails to Specify the Compensation to be Paid to Insiders, and Therefore Fails to Comply With Section 1129(a)(5(B)

Bankruptcy Code Section 1129(a)(5(B) requires that the plan proponent disclose "the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." The Plan includes no disclosure as to the compensation to be paid to Dennis Wagner (either by way of salary, or

OBJECTION BY OFF, LLC TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION
- 9
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD    Doc 83    Filed 02/26/21    Ent. 02/26/21 15:45:28    Pg. 9 of 10

distributions of excess cash to Mr. Wagner as the sole owner of the Debtor). Paragraph 6.2 of the Plan provides only as follows: "The Debtor will retain possession of the Property and the management of its financial affairs after the confirmation of the Plan shall be by Dennis Wagner. Creditors shall be paid in accordance with the Plan." This disclosure does not comply with the requirements of Section 1129(a)(5)(B), as it fails to address the nature of the compensation to be paid to Dennis Wagner. This omission bars confirmation of the Plan.

For all of the foregoing reasons, the Court should deny confirmation of the Plan.

DATED this 26th day of February, 2021.

        MONTGOMERY PURDUE BLANKINSHIP
        & AUSTIN PLLC

By: /s/ Michael E. Gossler
    Michael E. Gossler
    WA State Bar No. 11044
    701 Fifth Avenue, Suite 5500
    Seattle, WA 98104
    Attorney for OFF, LLC

OBJECTION BY OFF, LLC TO
CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION
- 10
MPBA{21438/0002/02441030-1}

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5500 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL
(206) 625-9534 FAX

Case 20-12859-TWD   Doc 83   Filed 02/26/21   Ent. 02/26/21 15:45:28   Pg. 10 of 10